## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

|  |  |
|---|---|
| ASHLEY SCHMIDT,<br><br>       Plaintiff,<br><br>v.<br><br>SYNERGENTIC COMMUNICATIONS INC. d/b/a SYNCOM, a Texas corporation, MIKE ORLANDO, TIM CARAVEO, and KEN WALSH,<br><br>       Defendant. | Case No. _____ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ASHLEY SCHMIDT (hereinafter referred to as **"SCHMIDT"**), by and through undersigned counsel, and files this Complaint against SYNERGETIC COMMUNICATIONS, INC. d/b/a SYNCOM (hereinafter referred to as **"SYNERGETIC"**), MIKE ORLANDO (hereinafter referred to as **"ORLANDO"**), TIM CARAVEO (hereinafter referred to as **"CARAVEO"**), and KEN WALSH (hereinafter referred to as **"WALSH"**) (collectively **"Defendants"**).  SCHMIDT alleges:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (**"FDCPA"**), and the Florida Consumer Collection

Practices Act, § 559.55 *et seq.*, Fla. Stat. ("**FCCPA**"), in their illegal efforts to collect a consumer debt from SCHMIDT.

3.      Venue is proper in this District because the acts and transactions occurred here, SCHMIDT resides here, and Defendants transact business here.

## PARTIES

4.      SCHMIDT is a natural person who resides in Lee County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and § 559.55(2), Fla. Stat.

5.      SYNERGETIC is a Texas corporation operating from an address of 5450 N.W. Central #1000, Houston, Texas 77092, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and § 559.55(6).

6.      ORLANDO is a natural person; is the chairman and president/chief executive officer of SYNERGETIC; and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and § 559.55(6).   ORLANDO is also a denominate shareholder of SYNERGETIC.

7.      CARAVEO is a natural person; is the vice president of SYNERGETIC; and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and § 559.55(6).

8.      WALSH is a natural person who resides in Texas and is employed by SYNERGETIC as the Director of Operations and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and § 559.55(6).

## FACTUAL ALLEGATIONS

9.      SCHMIDT incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15

U.S.C. § 1692a(5) and § 559.55(1), Fla. Stat., namely, a debt to pay for a personal use vehicle (**"Debt"**).

10. Sometime thereafter, the debt was consigned, placed or otherwise transferred to SYNERGETIC for collection from SCHMIDT.

11. SYNERGETIC never provided SCHMIDT with a notice of assignment of the alleged Debt pursuant to § 559.715, Fla. Stat.

12. On September 16, 2013, SYNERGETIC sent a letter to SCHMIDT seeking to collect on the Debt. This was the initial communication by SYNERGETIC to SCHMIDT (**"September 16th Letter"**). *See* Exhibit A.

13. SYNERGETIC did not provide SCHMIDT with debt validation notice until February 26, 2014 (**"February 26th Letter"**). *See* Exhibit B.

14. WALSH signed both the September 16th Letter and February 26th Letter.

15. At the time SYNERGETIC sent the September 16th letter, it was not licensed to collect consumer debts in the State of Florida as required by section 559.553.

16. Upon reviewing the September 16th Letter and February 26th Letter, SCHMIDT felt emotionally distressed, nervous, and fearful from the demands for payment from a collection agency and was unaware of SYNERGETIC's unlicensed status and thus illegality of its actions.

17. Upon information and belief, ORLANDO controls and directs the debt collection practices of SYNERGETIC and its employees, including, but not limited to, whether or not it collects in states where is required to be licensed but is not; whether or

not it collects debts without first giving notices of assignments; and whether or not it complies with the FDCPA's notice of debt verification requirements.

18.     Upon information and belief, CARAVEO intimately assists ORLANDO in the control and direction of the debt collection practices of SYNERGETIC and its employees, including, but not limited to, whether or not it collects in states where is required to be licensed but is not; whether or not it collects debts without first giving notices of assignments; and whether or not it complies with the FDCPA's notice of debt verification requirements.

## SUMMARY

19.     The above-described collection actions and communications made to SCHMIDT by SYNERGETIC, WALSH, and other collection employees employed by SYNERGETIC were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e and 1692g, amongst others, and the FCCPA, including but not limited to § 559.72(9).

20.     SYNERGETIC and WALSH made demands to collect the alleged Debt prior to giving notice of assignment and waiting 30 days to collect as required by § 559.715.

21.     During their collection communications, SYNERGETIC and WALSH failed to provide SCHMIDT with the notices as required by 15 U.S.C. § 1692g.

22.     As SYNERGETIC was not licensed for debt collection in the State of Florida, it did not have the legal right to attempt to collect the Debt and such was known by SYNERGETIC and WALSH.

## RESPONDEAT SUPERIOR LIABILITY

23.     The acts and omissions of the debt collectors employed as agents by SYNERGETIC who communicated with SCHMIDT as more further described herein, were committed within the time and space limits of their agency relationship with their principal, SYNERGETIC.

24.     The acts and omissions by the debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by SYNERGETIC in collecting consumer debts.

25.     By committing these acts and omissions against SCHMIDT, the debt collectors were motivated to benefit their principal, SYNERGETIC.

26.     SYNERGETIC is therefore liable to SCHMIDT through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and the FCCPA in their attempts to collect this debt from SCHMIDT.

## TRIAL BY JURY

27.     SCHMIDT is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  U.S. Const. amend. 7.  FED. R. CIV. P. 38.

## CLAIMS FOR RELIEF

### Count I – Violation of the FDCPA against SYNERGETIC
*(Failure to Timely Give Debt Verification Notice)*

28.     SCHMIDT incorporates by reference 1 – 27 of the above paragraphs of this Complaint as though fully stated herein.

29.     SYNERGETIC failed to comply with 15 U.S.C. § 1692g by failing to provide SCHMIDT with the required verification notice within 5 days of the initial communication.

30.     As a result of SYNERGETIC's violations of the FDCPA, SCHMIDT is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from SYNERTEGIC.

**WHEREFORE**, SCHMIDT prays that judgment be entered against SYNERGETIC for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1); for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and for such other relief as this Court deems just and proper.

### Count II – Violation of the FDCPA against SYNERGETIC
*(Attempting to Collect a Debt when not Licensed)*

31.     SCHMIDT incorporates by reference 1 – 27 of the above paragraphs of this Complaint as though fully stated herein.

32.     SYNERGETIC violated 15 U.S.C. § 1692e with the September 16th Letter asserting, claiming, or otherwise misleading that it had the right to collect the Debt despite not being licensed to collect in the State of Florida.

33.     As a result of SYNERGETIC's violations of the FDCPA, SCHMIDT is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from SYNERGETIC.

**WHEREFORE**, SCHMIDT prays that judgment be entered against SYNERGETIC for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1); for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and for such other relief as this Court deems just and proper.

### Count III – Violation of the FDCPA against SYNERGETIC
*(Failing to Comply with § 559.715)*

34.     SCHMIDT incorporates by reference 1 – 27 of the above paragraphs of this Complaint as though fully stated herein.

35.     SYNERGETIC violated 15 U.S.C. § 1692e by seeking to collect the alleged Debt before giving notice of assignment and waiting 30 days before taking any efforts to collect as required by § 559.715.

36.     As a result of SYNERGETIC's violations of the FDCPA, SCHMIDT is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from SYNERGETIC.

**WHEREFORE**, SCHMIDT prays that judgment be entered against SYNERGETIC for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1); for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and for such other relief as this Court deems just and proper.

### Count IV – Violation of the FCCPA against SYNERGETIC
*(Attempting to Collect a Debt when not Licensed)*

37.     SCHMIDT incorporates by reference 1 – 27 of the paragraphs of this Complaint as though fully stated herein.

38.     SYNERGETIC's attempt to collect the Debt from SCHMIDT when it was not licensed to do so asserted a legal right it knew it did not have in violation of § 559.72(9).

39.     As a result of SYNERGETIC's violation of the FCCPA, SCHMIDT is entitled to actual damages and statutory damages in an amount of $1,000.00 and reasonable attorney's fees and costs pursuant to § 559.77 from SYNERGETIC.

**WHEREFORE**, SCHMIDT prays that judgment be entered against SYNERGETIC for an award of actual damages pursuant to § 559.77; for an award of statutory damages of $1,000.00 pursuant to § 559.77; for an award of costs of litigation and reasonable attorney's fees pursuant to § 559.77 for SCHMIDT; and for such other relief as this Court deems just and proper.

### Count V – Violations of the FCCPA against SYNERGETIC
*(Failing to Comply with § 559.715)*

40.     SCHMIDT incorporates by reference 1 – 27 of the above paragraphs of this Complaint as though fully stated herein.

41.     SYNERGETIC knew it could not collect the alleged Debt prior to giving notice of assignment and then waiting 30 days.

42.     SYNERGETIC violated § 559.72(9) by seeking to collect the alleged Debt before giving notice of assignment and waiting 30 days before taking any efforts to collect as required by § 559.715.

43.     As a result of SYNERGETIC's violation of the FCCPA, SCHMIDT is entitled to actual damages and statutory damages in an amount of $1,000.00 and reasonable attorney's fees and costs pursuant to § 559.77 from SYNERGETIC.

**WHEREFORE**, SCHMIDT prays that judgment be entered against SYNERGETIC for an award of actual damages pursuant to § 559.77; for an award of statutory damages of $1,000.00 pursuant to § 559.77; for an award of costs of litigation and reasonable attorney's fees pursuant to § 559.77 for SCHMIDT; and for such other relief as this Court deems just and proper.

### Count VI – Violation of the FDCPA against WALSH
*(Failure to Timely Give Debt Verification Notice)*

44.     SCHMIDT incorporates by reference 1 – 27 of the above paragraphs of this Complaint as though fully stated herein.

45.     WALSH failed to comply with 15 U.S.C. § 1692g by failing to provide SCHMIDT with the required verification notice within 5 days of the initial communication.

46.     As a result of WALSH's violations of the FDCPA, SCHMIDT is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from WALSH.

**WHEREFORE**, SCHMIDT prays that judgment be entered against WALSH for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1); for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and for such other relief as this Court deems just and proper.

### Count VII – Violation of the FDCPA against WALSH
*(Attempting to Collect a Debt when not Licensed)*

47.     SCHMIDT incorporates by reference 1 – 27 of the above paragraphs of this Complaint as though fully stated herein.

48.     WALSH violated 15 U.S.C. § 1692e with the September 16th Letter asserting, claiming, or otherwise misleading that SYNERGETIC had the right to collect the Debt despite not being licensed to collect in the State of Florida.

49.     As a result of WALSH's violations of the FDCPA, SCHMIDT is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from WALSH.

**WHEREFORE**, SCHMIDT prays that judgment be entered against WALSH for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1); for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and for such other relief as this Court deems just and proper.

**Count VIII – Violation of the FDCPA against WALSH**
*(Failing to Comply with § 559.715)*

50.    SCHMIDT incorporates by reference 1 – 27 of the above paragraphs of this Complaint as though fully stated herein.

51.    WALSH violated 15 U.S.C. § 1692e by seeking to collect the alleged Debt before giving notice of assignment and waiting 30 days before taking any efforts to collect as required by § 559.715.

52.    As a result of WALSH's violations of the FDCPA, SCHMIDT is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from WALSH.

**WHEREFORE**, SCHMIDT prays that judgment be entered against WALSH for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1); for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and for such other relief as this Court deems just and proper.

## Count VIX – Violation of the FCCPA against WALSH
*(Attempting to Collect a Debt when not Licensed)*

53.     SCHMIDT incorporates by reference 1 – 27 of the paragraphs of this Complaint as though fully stated herein.

54.     WALSH's attempt to collect the Debt from SCHMIDT when SYNERGETIC was not licensed to do so asserted a legal right he knew SYNERGETIC, as its agent, did not have in violation of § 559.72(9).

55.     As a result of WALSH's violation of the FCCPA, SCHMIDT is entitled to actual damages and statutory damages in an amount of $1,000.00 and reasonable attorney's fees and costs pursuant to § 559.77 from WALSH.

**WHEREFORE**, SCHMIDT prays that judgment be entered against WALSH for an award of actual damages pursuant to § 559.77; for an award of statutory damages of $1,000.00 pursuant to § 559.77; for an award of costs of litigation and reasonable attorney's fees pursuant to § 559.77; and for such other relief as this Court deems just and proper.

## Count X – Violations of the FCCPA against WALSH
*(Failing to Comply with § 559.715)*

56.     SCHMIDT incorporates by reference 1 – 27 of the above paragraphs of this Complaint as though fully stated herein.

57.     WALSH knew he could not collect the alleged Debt prior to giving notice of assignment and then waiting 30 days.

58.     WALSH violated § 559.72(9) by seeking to collect the alleged Debt before giving notice of assignment and waiting 30 days before taking any efforts to collect as required by § 559.715.

59.     As a result of WALSH's violation of the FCCPA, SCHMIDT is entitled to actual damages and statutory damages in an amount of $1,000.00 and reasonable attorney's fees and costs pursuant to § 559.77 from WALSH.

**WHEREFORE**, SCHMIDT prays that judgment be entered against WALSH for an award of actual damages pursuant to § 559.77; for an award of statutory damages of $1,000.00 pursuant to § 559.77; for an award of costs of litigation and reasonable attorney's fees pursuant to § 559.77 for SCHMIDT; and for such other relief as this Court deems just and proper.

### Count XI – Violation of the FDCPA against ORLANDO
*(Failure to Timely Give Debt Verification Notice)*

60.     SCHMIDT incorporates by reference 1 – 27 of the above paragraphs of this Complaint as though fully stated herein.

61.     ORLANDO, as an indirect debt collector, failed to comply with 15 U.S.C. § 1692g by failing to provide SCHMIDT with the required verification notice within 5 days of the initial communication.

62.     As a result of ORLANDO's indirect violations of the FDCPA through his governance of SYNERGETIC's practices and policies, SCHMIDT is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from SCHMIDT.

**WHEREFORE**, SCHMIDT prays that judgment be entered against ORLANDO for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1); for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and for such other relief as this Court deems just and proper.

### Count XII – Violation of the FDCPA against ORLANDO
*(Attempting to Collect a Debt when not Licensed)*

63.     SCHMIDT incorporates by reference 1 – 27 of the above paragraphs of this Complaint as though fully stated herein.

64.     ORLANDO indirectly violated 15 U.S.C. § 1692e with the September 16th Letter asserting, claiming, or otherwise misleading that SYNERGETIC had the right to collect the Debt despite not being licensed to collect in the State of Florida.

65.     As a result of ORLANDO's indirect violations of the FDCPA through his governance of SYNERGETIC's practices and policies, SCHMIDT is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from ORLANDO.

**WHEREFORE**, SCHMIDT prays that judgment be entered against ORLANDO for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1); for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and for such other relief as this Court deems just and proper.

## Count XIII – Violation of the FDCPA against ORLANDO
*(Failing to Comply with § 559.715)*

66.     SCHMIDT incorporates by reference 1 – 27 of the above paragraphs of this Complaint as though fully stated herein.

67.     ORLANDO indirectly violated 15 U.S.C. § 1692e by seeking to collect the alleged Debt before giving notice of assignment and waiting 30 days before taking any efforts to collect as required by § 559.715.

68.     As a result of ORLANDO's violations of the FDCPA through his governance of SYNERGETIC's practices and policies, SCHMIDT is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from ORLANDO.

**WHEREFORE**, SCHMIDT prays that judgment be entered against ORLANDO for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1); for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and for such other relief as this Court deems just and proper.

## Count XIV – Violation of the FCCPA against ORLANDO
*(Attempting to Collect a Debt when not Licensed)*

69.     SCHMIDT incorporates by reference 1 – 27 of the paragraphs of this Complaint as though fully stated herein.

70.     ORLANDO's indirect attempt to collect the Debt from SCHMIDT when SYNERGETIC was not licensed to do so asserted a legal right he knew SYNERGETIC did not have in violation of § 559.72(9).

71.     As a result of ORLANDO's indirect violation of the FCCPA, SCHMIDT is entitled to actual damages and statutory damages in an amount of $1,000.00 and reasonable attorney's fees and costs pursuant to § 559.77 from ORLANDO.

**WHEREFORE**, SCHMIDT prays that judgment be entered against ORLANDO for an award of actual damages pursuant to § 559.77; for an award of statutory damages of $1,000.00 pursuant to § 559.77; for an award of costs of litigation and reasonable attorney's fees pursuant to § 559.77 for SCHMIDT; and for such other relief as this Court deems just and proper.

### Count XV – Violations of the FCCPA against ORLANDO
*(Failing to Comply with § 559.715)*

72.     SCHMIDT incorporates by reference 1 – 27 of the above paragraphs of this Complaint as though fully stated herein.

73.     ORLANDO knew SYNERGETIC could not collect the alleged Debt prior to giving notice of assignment and then waiting 30 days.

74.     ORLANDO indirectly violated § 559.72(9) through his governance of SYNERGETIC's practices and policies by seeking to collect the alleged Debt before giving notice of assignment and waiting 30 days before taking any efforts to collect as required by § 559.715.

75.     As a result of ORLANDO's indirect violation of the FCCPA through his governance of SYNERGETIC's practices and policies, SCHMIDT is entitled to actual

damages and statutory damages in an amount of $1,000.00 and reasonable attorney's fees and costs pursuant to § 559.77 from ORLANDO.

**WHEREFORE**, SCHMIDT prays that judgment be entered against ORLANDO for an award of actual damages pursuant to § 559.77; for an award of statutory damages of $1,000.00 pursuant to § 559.77; for an award of costs of litigation and reasonable attorney's fees pursuant to § 559.77 for SCHMIDT; and for such other relief as this Court deems just and proper.

### Count XVI – Violation of the FDCPA against CARAVEO
*(Failure to Timely Give Debt Verification Notice)*

76.     SCHMIDT incorporates by reference 1 – 27 of the above paragraphs of this Complaint as though fully stated herein.

77.     CARAVEO, as an indirect debt collector, failed to comply with 15 U.S.C. § 1692g by failing to provide SCHMIDT with the required verification notice within 5 days of the initial communication.

78.     As a result of CARAVEO's indirect violations of the FDCPA through his governance of SYNERGETIC's practices and policies, SCHMIDT is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from CARAVEO.

**WHEREFORE**, SCHMIDT prays that judgment be entered against CARAVEO for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1); for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); for an award of costs of

litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and for such other relief as this Court deems just and proper.

### Count XVII – Violation of the FDCPA against CARAVEO
*(Attempting to Collect a Debt when not Licensed)*

79.     SCHMIDT incorporates by reference 1 – 27 of the above paragraphs of this Complaint as though fully stated herein.

80.     CARAVEO indirectly violated 15 U.S.C. § 1692e with the September 16th Letter asserting, claiming, or otherwise misleading that SYNERGETIC had the right to collect the Debt despite not being licensed to collect in the State of Florida.

81.     As a result of CARAVEO's indirect violations of the FDCPA through his governance of SYNERGETIC's practices and policies, SCHMIDT is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from CARAVEO.

**WHEREFORE**, SCHMIDT prays that judgment be entered against CARAVEO for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1); for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and for such other relief as this Court deems just and proper.

### Count XVIII – Violation of the FDCPA against CARAVEO
*(Failing to Comply with § 559.715)*

82.     SCHMIDT incorporates by reference 1 – 27 of the above paragraphs of this Complaint as though fully stated herein.

83.     CARAVEO indirectly violated 15 U.S.C. § 1692e by seeking to collect the alleged Debt before giving notice of assignment and waiting 30 days before taking any efforts to collect as required by § 559.715.

84.     As a result of CARAVEO's violations of the FDCPA through his governance of SYNERGETIC's practices and policies, SCHMIDT is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from CARAVEO.

**WHEREFORE**, SCHMIDT prays that judgment be entered against CARAVEO for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1); for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and for such other relief as this Court deems just and proper.

### Count XIV – Violation of the FCCPA against CARAVEO
*(Attempting to Collect a Debt when not Licensed)*

85.     SCHMIDT incorporates by reference 1 – 27 of the paragraphs of this Complaint as though fully stated herein.

86.     CARAVEO's indirect attempt to collect the Debt from SCHMIDT when SYNERGETIC was not licensed to do so asserted a legal right he knew SYNERGETIC did not have in violation of § 559.72(9).

87.     As a result of CARAVEO's indirect violation of the FCCPA, SCHMIDT is entitled to actual damages and statutory damages in an amount of $1,000.00 and reasonable attorney's fees and costs pursuant to § 559.77 from CARAVEO.

**WHEREFORE**, SCHMIDT prays that judgment be entered against CARAVEO for an award of actual damages pursuant to § 559.77; for an award of statutory damages of $1,000.00 pursuant to § 559.77; for an award of costs of litigation and reasonable attorney's fees pursuant to § 559.77 for SCHMIDT; and for such other relief as this Court deems just and proper.

### Count XX – Violations of the FCCPA against CARAVEO
*(Failing to Comply with § 559.715)*

88.     SCHMIDT incorporates by reference 1 – 27 of the above paragraphs of this Complaint as though fully stated herein.

89.     CARAVEO knew SYNERGETIC could not collect the alleged Debt prior to giving notice of assignment and then waiting 30 days.

90.     CARAVEO indirectly violated § 559.72(9) through his governance of SYNERGETIC's practices and policies by seeking to collect the alleged Debt before giving notice of assignment and waiting 30 days before taking any efforts to collect as required by § 559.715.

91.     As a result of CARAVEO's indirect violation of the FCCPA through his governance of SYNERGETIC's practices and policies, SCHMIDT is entitled to actual damages and statutory damages in an amount of $1,000.00 and reasonable attorney's fees and costs pursuant to § 559.77 from CARAVEO.

**WHEREFORE**, SCHMIDT prays that judgment be entered against CARAVEO for an award of actual damages pursuant to § 559.77; for an award of statutory damages of $1,000.00 pursuant to § 559.77; for an award of costs of litigation and reasonable attorney's fees pursuant to § 559.77 for SCHMIDT; and for such other relief as this Court deems just and proper.

Dated: 8/30/14                           **/s/  John C. Webb**_____
                                         John C. Webb, Esq.
                                         Fla. Bar No. 48601
                                         john@JohnWebbLegal.com
                                         **JOHN WEBB LEGAL GROUP, P.L.**
                                         PO Box 60832
                                         Fort Myers, FL 33906
                                         239-313-7362
                                         *Trial Counsel for Plaintiff*