UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ASHLEY SCHMIDT,

       Case No.: 2:14-cv-00539-JES-CM

       Plaintiff,

v.

SYNERGENTIC
COMMUNICATION, INC. d/b/a
SYNCOM, a Texas corporation,
MIKE ORLANDO, TIM
CARAVEO, and KEN WALSH,

       Defendants.

_____/

## DEFENDANTS, MIKE ORLANDO AND TIM CARAVEO'S, JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH MEMORANDUM OF LAW

COMES NOW, the Defendants, MIKE ORLANDO and TIM CARAVEO, by and through their undersigned counsel, and hereby files their Joint Motion to Dismiss with Memorandum of Law, and herein in as support states as follows:

### STANDARD OF REVIEW

When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus,* 551 U.S. 89, 93–94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir.2003). While a

"heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

### Corporate Officer and Shareholder Liability

Plaintiff asserts certainly allegations and claims against individual Defendant Mike Orlando, separate and apart for the allegations directed against the Corporate Defendant, Synergentic. Particularly,  Plaintiff asserts separate and distinct allegations  in Count XI (Failure to Timely Give Debt Collection Verification Notice), Count XII (Attempting to Collect A Debt when Not Licensed); XIII (Failure to Comply with Section 559.715 Fla. Stat.); Count XIV (Attempting to Collect a Debt when Not Licensed-FCCPA;  (Section 559.72(9) Fla. Stat.); XV (Failure to Comply with Section 559.715 Fla. Stat. as an alleged violation of Section 559.72(9) Fla. Stat); in Plaintiff's Complaint [DE 1][1]

These individual Defendants seek a dismissal of the allegations against them under the Federal Rules of Civil Procedure, Rule 12b(6) since Plaintiff can't assert these allegations against corporate individuals as a matter of law.  In addition, the Complaint is completely devoid of any factual allegations that would make these individuals separately liable for the alleged actions of the corporation.  First, the Complaint alleges that *"Orlando is the chairman and president/chief executive officer of Synergetic and is also the denominate shareholder of Synergetic."* [DE 1 Paragraph 6]  At the same time,  the Complaint alleges that *"Caraveo ... is the vice president of Synergetic and is a debt collector"* as defined by 15 USC Section 1692a(6).

---

[1]  Identical allegations are also asserted against individual defendant Tim Caraveo in Counts XVI,XVII,XVIII,XIX, and XX

[DE 1 Paragraph 7].  Plaintiff seeks to hold Defendants Orlando and Caraveo liability under the theory of *Respondeat Superior* despite a complete lack of factual evidence or allegations that each of these individuals, other than there officer and/or shareholder status, had any active involvement with the collection actions asserted in this action.  For the foregoing reasons, Plaintiff's Complaint is subject to dismissal.

As the Supreme Court has said, *"the pleading standard Rule 8 announces does not require 'detailed factual allegations,'* but it demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, the Complaint names Orlando as a party defendant and alleges that he was *"the chairman and president/chief executive officer of Synergetic and is also the denominate shareholder of Synergetic."* [DE 1 Paragraph 6] and the person who "control[led] the policies and practices of [Synergetic] regarding the FDCPA and FCCPA and [who] authorized those policies and practices complained of herein." But the Complaint contains no other factual allegations against Orlando or Caraveo and fails to assert any cause of action against them personally. "*Obviously, no relief can be granted where a plaintiff does not assert any substantive causes of action against a particular defendant.*" *See Van Vechten v. Elenson*, 2013 WL 359750, at *10 (S.D. Fla. Jan. 29, 2013) (Scola, J.). "*Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'*" *Iqbal*, 556 U.S. at 678. *See, e.g.*, *Pate v. Ober*, 2011 WL 2632101, at *2 (M.D. Fla. July 5, 2011) (dismissing complaint as to particular defendant because it asserted no causes of action against him); *Conrad v. The Educ. Res. Inst.*, 652 F. Supp. 2d 1172, 1181-82 (D. Colo. 2009) (same); *Goines v. CIT Group, Fin., Assignor*, 2012 WL 1551712, at *3 (S.D. Tex. May 1, 2012) (same).

Alternatively, O r l a n d o   a n d   C a r a v e o   a r e   entitled to d i s m i s s a l   on the merits. While several cases, including *Texas v. American Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001), have found corporate officers may be individually liable under the consumer protection statutes (i.e. TCPA), those decisions have all required the direct commission or authorization of wrongful acts by the corporate officer.[1] *See, e.g.*, *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md.  2011); *Versteeg v. Bennett, Deloney & Noyes, P.C.*, 775 F. Supp. 2d 1316, 1321 (D. Wyo. 2011); *Baltimore-Washington Tel. Co. v. Hot Leads Co., LLC*, 584 F. Supp. 2d 736, 745 (D. Md. 2008). Thus, under those cases, t h e s e   i n d i v i d u a l   D e f e n d a n t s   a r e   not liable unless they committed, directly participated in, or otherwise authorized the commission of wrongful acts within the scope of his employment as a corporate officer of Synergetic. *See Am. Blastfax*, 164 F. Supp. 2d at 898. In order for these Defendants' conduct to rise to that level here, the Court would have to find that Plaintiff had sufficiently alleged that these Defendants failed to take efforts to implement appropriate policies or procedures designed to comply with these statutes, or that he authorized or personally engaged in conduct that clearly violated the law.

It is also clear and well-established that a court does have the power to pierce the corporate veil of a corporation in order to reach the "alter egos" of a corporate defendant. *Swift and Co. Packers v. Compania Colombiana Del Caribe, S.A.,* 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950). The law to be applied is federal common law, although the court may import into its decision those principles of state law which it finds both persuasive and appropriate to subsume. *Bergesen d.y. A/S v. Lindholm,* 760 F.Supp. 976, 986 (D.Conn.1991); *Sabine Towing & Transp. Co. v. Merit Ventures, Inc.,* 575 F.Supp. 1442, 1445 (E.D.Tex.1983); *See Talen's Landing, Inc. v. M/V Venture,* 656 F.2d 1157 (5th Cir.1981).

4

Under federal common law, only general guidelines or rules have been developed as to when it is appropriate to pierce the corporate veil, as each case is *sui generis* and must be judged within its own context. *Sabine Towing,* 575 F.Supp. at 1446. The *Sabine* court stated that:

> A trial court should pierce the corporate veil and require a parent corporation to answer for the debts of a subsidiary when the subsidiary conducts business in a manner that clearly indicates that the parent is an alter ego of the subsidiary ... To find an alter ego relationship, the evidence must disclose a pattern of control or domination of a corporation, and that this domination was used to support a corporate fiction ... Once that is established, it will be appropriate to disregard a corporate entity when it appears a corporation was organized for fraudulent or illegal purposes. Furthermore, it is quite clear that the veil should be pierced when it will prevent manifest injustice to third parties.

*Id.* at 1446 (citations omitted).

There are at least fifteen factors that have been deemed to be relevant in a determination of whether a corporate entity should be disregarded: (1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, i.e. issuance of stock, election of directors, keeping of corporate records and the like; (2) inadequate capitalization; (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the amount of business discretion displayed by the allegedly dominated corporation; (7) whether the related corporations deal with the dominated corporation at arms-length; (8) whether the corporations are treated as independent profit centers; (9) the payment or guarantee of debts of the dominated corporations by other corporations in the group; (10) whether the corporation in question has been properly used by others of the corporations as if it were their own; (11) financing of subsidiary by parent; (12) informal intercorporate loan transactions; (13) parent and subsidiary's filing of consolidated income tax

returns; (14) whether subsidiary's directors act independently in interest of subsidiary rather than in interest of parent; (15) existence of fraud, wrongdoing or injustice to third parties. *M. Prusman, Ltd. v. Ariel Maritime Group, Inc.,* 781 F.Supp. 248 (S.D.N.Y.1991) citing *Wm. Passalacqua Builders, Inc. v. Resnick Dev. S., Inc.,* 933 F.2d 131, 139 (2d Cir.1991); *Sabine Towing,* 575 F.Supp. at 1446-48.

Under Florida law, the corporate veil will not be pierced absent a showing of improper conduct. *Dania Jai-Alai Palace, Inc. v. Sykes,* 450 So.2d 1114 (Fla.1984); *Ally v. Naim,* 581 So.2d 961 (Fla. 3d DCA 1991); *Sky Lake Gardens Recreation, Inc. v. Sky Lake Gardens,* 574 So.2d 1135, 1137 (Fla. 3d DCA 1991). Therefore, the corporate veil will not be penetrated either at law or in equity unless it is shown that the corporation was organized or employed to mislead creditors or to work a fraud upon them. *Dania Jai-Alai,* 450 So.2d at 1120. The mere fact that one or two individuals own and control the stock structure of a corporation does not lead inevitably to the conclusion that the corporate entity is a fraud or that it is necessarily the alter ego of its stockholders to the extent that the debts of the corporation should be imposed upon them personally. *Id.,* quoting *Advertects, Inc. v. Sawyer Indus.,* 84 So.2d 21, 23 (Fla.1955). Nor does the fact that the corporation's business affairs have been poorly handled, without more, justify piercing the corporate veil. *Ally,* 581 So.2d at 962-963, citing *Advertects,* 84 So.2d at 24.

Based upon both federal common law and Florida law, the Court should find that there is no allegations that would support piercing the corporate veil to impose personal liability against Orlando and/or Caraveo in this action.

In *Riley v. Fatt,* 47 So.2d 769, 773 (Fla.1950), the Florida Supreme Court reversed the trial court judgment which allowed a creditor to pierce the corporate veil:

> The rule is that the corporate veil will not be pierced, either at law
> or in equity, unless it be shown that the corporation was organized

> or used to mislead creditors or to perpetrate a fraud upon them....
> In the absence of pleading and proof that the corporation was
> organized for an illegal purpose or that its members fraudulently
> used the corporation as a means of evading liability with respect to
> a transaction that was, in truth, personal and not corporate, Fatt
> cannot be heard to question the corporate existence but must
> confide his efforts to the remedies provided by law for satisfying
> his judgment *from the assets of the corporation,* if any can be
> found. (Citations omitted, emphasis in original.)

Similarly, in *Gross v. Cohen,* 80 So.2d 360 (Fla.1955), the Supreme Court of Florida

affirmed a trial court judgment refusing to pierce the corporate veil because the evidence did not

show that the corporation was actually organized or used to mislead creditors or to perpetrate a

fraud upon them.

In *Advertects, Inc. v. Sawyer Industries, Inc.,* 84 So.2d 21 (Fla.1955), the Florida

Supreme Court of Florida rejected the proposition that a rule could be issued against individual

stockholders to show cause why they should not be personally responsible for corporate debts

absent a preliminary showing  that the corporation is in actuality the alter ego of the

stockholders, and that it was organized or after organization, was employed by the stockholders

for fraudulent or misleading purposes, or in some fashion that the corporate property was

converted or the corporate assets depleted for the personal benefit of the individual stockholders,

or that the corporate structure was not bona fide, established or, in general, that property

belonging to the corporation can be traced into the hands of the stockholders.

> It isn't sufficient merely to show that the corporation exists and
> that there are a limited number of stockholders doing business in
> good faith through the corporate entity. From a procedural
> standpoint we hold that a showing similar to that suggested in
> summary above be made before the rule nisi is issued and directed
> against the individual stockholders. If this requirement were not
> made then every judgment against a corporation could be exploited

as a vehicle for harassing the stockholders and entering upon fishing expeditions into their personal business and assets.

*Id.* at 24.

In so holding the Supreme Court of Florida stated the controlling law on piercing the corporate veil and delineated why it was so:

> The corporate veil will not be penetrated either at law or in equity unless it is shown that the corporation was organized or employed to mislead creditors or to work a fraud upon them.
>
> Every corporation is organized as a business organization to create a legal entity that can do business in its own right and on its own credit as distinguished from the credit and assets of its individual stockholders. The mere fact that one or two individuals own and control the stock structure of a corporation does not lead inevitably to the conclusion that the corporate entity is a fraud or that it is necessarily the alter ego of its stockholders to the extent that the debts of the corporation should be imposed upon them personally. If this were the rule, it would completely destroy the corporate entity as a method of doing business and it would ignore the historical justification for the corporate enterprise system.

*Id.* at 23–24.

Likewise, in *Roberts' Fish Farm v. Spencer,* 153 So.2d 718 (Fla.1963), the Supreme Court of Florida held that the Florida Industrial Commission did not have jurisdiction to pierce the corporate veil.

> The corporate entity is an accepted, well used and highly regarded form of organization in the economic life of our state and nation. As we said in *State ex rel. Continental Distilling Sales Co. v. Vocelle,* 1946, 158 Fla. 100, 27 So.2d 728, "Their purpose is generally to limit liability and serve a business convenience." Those who utilize the laws of this state in order to do business in the corporate form have every right to rely on the rules of law which protect them against personal liability unless it be shown that the corporation is formed or used for some illegal, fraudulent or other unjust purpose which justifies piercing of the corporate

veil. This is the reason for the rule, stated in all Florida cases, that the courts are reluctant to pierce the corporate veil and will do so only in a court of competent jurisdiction, after notice to and full opportunity to be heard by all parties, and upon showing of cause which necessitates the corporate entity being disregarded in order to prevent some injustice.

Based on the allegations contained in the Complaint of this case, Plaintiff should not be permitted to pierce the corporate veil to impose individual liability upon these individual Defendants, and the Court should enter a dismissal in favor of Orlando and Caraveo as a matter of law.

In the context of a violation of the FDCPA, the court in *Pettit v. Retrieval Masters Creditors Bureau*, 42 F.Supp.2d 797 (N.D. Ill. 1999) held that "An owner, officer of a corporation, or shareholder may be held personally liable for the corporation's violation of FDCPA only "if he or she personally violated the [FDCPA], i.e. the defendant cannot be held vicariously liable for statutory violations committed by the corporations' collection agents or some other employee." *Perovich v. Humphrey,* No. 97 C 3209, 1997 WL 674975, *2 (N.D.Ill. Oct.28, 1997). More importantly, the Seventh Circuit Court of Appeals recognized the real intention of addition corporate officers to FDCPA litigation in the case <u>White v. Goodman</u>, 200 F.3d 1016 (7th Cir. 2000) in which the court stated "The Fair Debt Collection Practices Act is not aimed at the shareholders of debt collectors operating in the corporate form unless some basis is shown for piercing the corporate veil, which was not attempted here, *Aubert v. American General Finance, Inc.*, 137 F.3d 976, 979-80 (7th Cir.1998), or at companies that perform ministerial duties for debt collectors, such as stuffing and printing the debt collector's letters. *Laubach v. Arrow Service Bureau, Inc.*, 987 F.Supp. 625, 629-31 (N.D.Ill.1997); *Trull v. Lason Systems, Inc.,* 982 F.Supp. 600, 607-08 (N.D.Ill.1997); S.Rep.No. 382, *supra*, at 5. The joinder of these defendants illustrates the all-too-common abuse of the class action as a device for

forcing the settlement of meritless claims and is thus a mirror image of the abusive tactics of debt collectors at which the statute is aimed.

### *Registration as a Florida Consumer Collection Agency*

Several of the Plaintiff's underlying allegations are premised on the mistaken and false accusation that the Defendant is not registered as a consumer debt collection agency during the period that Defendant Synergetic was attempting to contact the Plaintiff regarding a past due debt obligation.  Plaintiff alleges that Defendant Synergetic and Defendant Walsh mailed debt collection communications to the Plaintiff at or around September 16, 2013 and February 26, 2014. **[DE Exhibit A and B]**  However, the public records clearly demonstrate that the Defendant Synergetic had an active and valid CCA license **[CCA 0900355]** at all relevant time periods including the calendar years of 2012, 2013 and 2014 with the Florida Office of Financial Regulation**. [See Attached Composite Exhibit 1]**  A simple search of the OFR website would have revealed that the Defendant Synergetic is a properly licensed consumer collection agency during the relevant time and such assertion to the contrary is erroneous and frivolous.  Therefore, Defendants Orlando and Caraveo request the dismissal of Counts XII, XIV, XVII, and XIX as a matter of law.

### *Notice of Assignment under Section 559.715 Fla. Stat*.

Other claims asserted by the Plaintiff are premised on the mistaken and false accusation that these defendants were required by Florida law to provide the Plaintiff with notice of the assignment of the debt under Section 559.715 *Fla. Stat*.  The Complaint is completely devoid of any allegation that the underlying debt obligation from Honda Finance was legally or equitably assigned to the Defendant Synergetic.  In the absence of any factual allegation that he debt was actually assigned to the Defendant rather than placed for collections without taking a legal

assignment of the debt,  Plaintiff's allegations under Counts XIII, XV, XVIII, and XX[2].   In addition, there is no private cause of action under the FCCPA for failure to serve a Notice of Assignment, See;  *Erickson v. General Electric Company*, 854 F.Supp,2d 1178 (M.D. Fla. 2012).

WHEREFORE,  Defendants, Mike Orlando and Tim Caraveo, by and through their undersigned counsel, respectfully request the Court to dismiss the allegations asserted against these Defendants as a matter of law.

Dated this **14th** day of **October, 2014.**

Respectfully submitted,
/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esquire, LL.M

---

[2] The demonstration that the underlying debt obligation is owed by Honda Finance and not the Defendant will occur during Defendant's anticipated Motion for Summary Judgment should the Plaintiff fail to withdraw is allegations under this theory of liability.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **October 14, 2014** via the Clerk of Court's CM/ECF System which will send electronic notification to the following: John C. Webb, Esquire of John Webb Legal Group, P.L. at John@JohnWebbLegal.com.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esquire, LL.M
Florida Bar No.: 110108
kohlmyer@urbanthier.com
Urban, Thier, Federer & Chinnery, P.A.
200 S. Orange Avenue, Suite 2000
Orlando, FL  32801
Phone: (407) 245-8352
Fax: (407) 245-8361
*Attorneys for Defendants, Mike Orlando and Tim Caraveo*