**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| ASHLEY SCHMIDT,<br><br>        Plaintiff,<br><br>v.<br><br>SYNERGETIC COMMUNICATIONS INC. d/b/a SYNCOM, a Texas corporation, MIKE ORLANDO, TIM CARAVEO, and KEN WALSH,<br><br>        Defendants. | Case No. 2:14-cv-00539-JES-CM |

**PLAINTIFF'S RESPONSE OPPOSITION**
**TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Ashley Schmidt, by and through undersigned counsel, submits her Response in Opposition to Defendants, Mike Orlando's and Tim Caraveo's, Joint Motion to Dismiss *[Doc. No. 18]* ("Motion to Dismiss"). Ashley Schmidt filed her Complaint in this matter alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and/or the Florida Consumer Collection Practices Act, § 559.55 *et seq.*, Fla. Stat. ("FCCPA"), by: (1) failing to give the required debt verification notice; (2) attempting to collect a debt when not licensed to do so under Florida law; and (3) failing to comply with Florida's required notice of assignment of collection rights statute.

**PROCEDURAL HISTORY & FACTS**

Plaintiff Ashley Schmidt filed her Complaint *[Doc. No. 1]* on September 12, 2014 alleging that Defendants Synergetic Communication, Inc.; Ken Walsh; Mike Orlando; and

1

Tim Caraveo violated the FDCPA and FCCPA, by: (1) failing to give the required debt verification notice; (2) attempting to collect a debt when not licensed to do so under Florida law; and (3) failing to comply with Florida's required notice of assignment of collection rights statute. Answers were filed by Defendants Synergetic Communication, Inc. *[Doc. No. 6]* and Ken Walsh *[Doc. No. 15]*. Defendants Mike Orlando and Tim Caraveo filed their Motion to Dismiss which Plaintiff now opposes.

The Complaint alleged: Ashley Schmidt is a natural person residing in Florida and is a "consumer" as defined by 15 U.S.C. § 1692a(3). (¶ 4). Defendant Synergetic Communication, Inc. d/b/a SYNCOM (hereinafter "Synergetic") is a Texas corporation with its principal place of business in Houston, Texas. (¶ 5). Defendants Mike Orlando and Tim Caraveo, are individuals who are the chairman/president/CEO/dominate shareholder and vice president, respectfully, of Synergetic. (¶¶ 6-7). Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1692(a)(6). (¶¶ 6-7). At all times relevant hereto, the Defendants were attempting to collect an alleged debt incurred for personal, family or household purposes alleged to be in default by Ashley Schmidt. (¶¶ 9-10, 12-13, & 19-22).

Defendants Mike Orlando and Tim Caraveo control and direct the debt collection practices of Synergetic including whether it attempts to collect a debt without giving the required debt validation notice and whether it attempts to collect debts in Florida without first complying with Florida law. (¶¶ 17-18).

# ARGUMENT

## I. STANDARD FOR MOTION TO DISMISS.

The Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*citing Twombly*, 550 U.S. at 556).

By alleging that Defendants Mike Orlando and Tim Caraveo are debt collectors who control and direct the debt collection practices of Synergetic whether it attempts to collect a debt without giving the required debt validation notice and whether it attempts to collect debts in Florida without first complying with Florida law, the Complaint satisfies the plausibility test to overcome the Motion to Dismiss. *Ashcroft v. Iqbal*, 556 U.S. at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570 ("we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.").

Where the motion to dismiss is an attack on a consumer's FDCPA claims, the court should resolve any ambiguities in favor of the consumer. *See Johnson v. Riddle*, 305 F. 3d 1107, 1117 (10th Cir. 2002) (the FDCPA "should be construed liberally in favor of the consumer").

## II. THE INDIVIDUAL DEFENDANTS ARE COVERED BY THE FDCPA AND FCCPA.

An individual, who is a "debt collector" personally involved in the collection activity alleged to violate the FDCPA and FCCPA, may be held personally liable for his or her conduct. The Act states:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

Shareholders, officers, and employees, such as Defendants Mike Orlando and Tim Caraveo directly involved in debt collection of the company they run and control, may be jointly and severally liable with the company for violations of the FDCPA and FCCPA.

The Honorable Virginia M. Hernandez Covington of the Middle District of Florida has already had the opportunity to consider the issue of whether corporate officers, directors, or shareholders can have liability under the FDCPA for their role in the governance of a debt collection. *See Arlozynski v. Rubin & Debski, P.A.*, 710 F. Supp. 2d 1308 (M.D. Fla. 2010). In *Arlozynski*, District Judge Covington denied officers/directors defendants' motion to dismiss because the complaint alleged the defendants "control and direct the debt collection practices of [the corporate defendant]." *Id.* at 1310. The Complaint in this case makes the

4

same allegation.  This allegation, taken as true, bars dismissal on a motion to dismiss.  *See id.* at 1311; 15 U.S.C. § 1692a(6) (defining a debt collector as an individual who "directly *or indirectly*" collects or attempts to collect debts (*emphasis added*)).

*Arlozynski* is not the only case to consider this issue.  In *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, the U.S. Court of Appeals for the Sixth Circuit considered and rejected an argument similar to that of Defendants here. 518 F. 3d 433, 436-38 (6th Cir. 2008).  The Sixth Circuit held that an owner or officer "may be personally liable on the basis of his participation in the debt collection activities of the LLC more generally." *Id.* at 437. *See also Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1071 (E.D. Cal. 2008) ("this court will adhere to the conclusion reached by the Sixth Circuit and the majority of district courts because it is more consistent with the FDCPA's broad language.")

Numerous other courts have ruled in the same manner.  *E.g., Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615, 618 (D. Utah 2005) (concluding "where a shareholder, officer, or employee of a corporation is personally involved in the debt collection at issue, he may be held personally liable as a debt collector without piercing the corporate veil."); *Piper v. Portnoff Law Assocs.*, 274 F. Supp. 2d 681, 690 (E.D. Pa. 2003) (stating "individuals who exercise control over the affairs of a business may be held liable under the FDCPA for the business' actions."); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D. Conn. 1999) (stating "[a] high-ranking employee, executive or director of a collection agency may fit within the statutory definition of a debt collector."); *Ditty v. Checkrite, Ltd.*, 973 F. Supp. 1320, 1336-37 (D. Utah 1997) (finding that a collection firm's attorney who satisfied the definition of debt collector was personally liable under the FDCPA); *Brink v.*

*First Cred. Resources*, 57 F. Supp. 2d 848, 862 (D. Ariz. 1999); *West v. Costen*, 558 F. Supp. 564, 587 (W.D. Va. 1983).

Defendants have failed to address the above decisions. Instead, Defendants rely on decisions out of the Seventh Circuit including *White v. Goodman*, 200 F. 3d 1016 (7th Cir. 2000), and *Petit v. Retrieval Masters Creditors Bureau*, 42 F. Supp. 2d 797 (N.D. Ill 1999). However, District Judge Covington in *Arlozynski*, the Sixth Circuit in *Kistner* as well as other courts considered the *White* and *Petit* rulings and declined to follow their rationale. Instead, those cases, including a court in the Middle District of Florida held that shareholders personally involved in the collection activity may be personally liable for violations of the FDCPA.[1]  710 F. Supp. 2d at 1310; 518 F. 3d at 436.

Ms. Schmidt has adequately plead that the individual Defendants Mike Orlando and Tim Caraveo are "debt collectors" and through their personal direction and involvement in the collection process of Synergetic have alleged a plausible claim for their violation of the FDCPA and FCCPA. Thus, the Motion to Dismiss Complaint should be denied.

### III.  A NOTICE OF ASSIGNMENT FOR COLLECTION WAS REQUIRED UNDER § 559.715, FLA. STAT.

Defendants assert compliance with § 559.715, Fla. Stat., was not required as there was no allegation that the alleged was assigned to Defendants. To the contrary, the Complaint alleges "[s]ometime [after the debt was incurred], the debt was consigned, placed or otherwise transferred to Synergetic for collection from Schmidt." (¶ 10). Thus, sufficient allegation has been made that the debt was assigned for collection. To the extent that

---

[1] To the extent Defendants argue Plaintiff must pierce the corporate veil, Plaintiff asserts the FDCPA clearly addresses indirect collection activity through an officer, director, or shareholder's own conduct and it is thus unnecessary to pierce the corporate veil. *E.g. Arlozynski*, 710 F. Supp. 2d at 1311; 15 U.S.C. § 1692a(6).

Defendants argue that they were not actually legally transferred the debt, not only is that argument improper for purposes of reviewing a motion to dismiss, but it also misinterprets the requirements of § 559.715.

Section 559.715 provides,

> This part does not prohibit the assignment, by a creditor of *the right to bill and collect* a consumer debt. However, the *assignee* must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before *any action to collect the debt*. The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.

(*Emphasis added*). The statute clearly prescribes that a creditor may assign "the right to bill and collect" and that an assignee must give notice of those rights being assigned. Had the Florida legislature intended the provision to apply only to transfers of debt ownership it would not have included the "right to bill and collect" language. Additionally, such a reading would render the last sentence concerning an assignee being a real party in interest completely superfluous.

**IV.    DEFENDANTS' REQUEST FOR DISMISSAL BASED UPON ON A FACTUAL DISPUTE OF WHETHER DEFENDANT SYNERGETIC WAS REGISTERED IS IMPROPER.**

Defendants seek dismissal of Plaintiff's claims based upon allegations that Defendant was illegally attempting to collect the debt while not registered with the State of Florida as a consumer debt collection agency as required by § 559.553, Fla. Stat. Defendants factually dispute the allegations of the Complaint that Defendant Synergetic was not licensed at the time of some of the attempted collection. Such an argument is procedurally improper to be presented in a motion to dismiss where all allegations are deemed true. *See, e.g., Jackson v.*

*BellSouth Telecomms.*, 372 F. 3d 1250, 1262 (11th Cir. 2004) (allegations in complaint deemed true). Thus, the Motion to Dismiss should be denied on these grounds.[2]

## CONCLUSION

Because Ms. Schmidt has stated plausible claims for the individual Defendants' violation of the FDCPA and FCCPA, the Court should deny the Motion to Dismiss.

/s/  John C. Webb_____
John C. Webb, Esq.
Fla. Bar No. 48601
john@JohnWebbLegal.com
**JOHN WEBB LEGAL GROUP, P.L.**
PO Box 60832
Fort Myers, FL 33906
239-313-7362
*Lead Trial Counsel for Plaintiff*

## Certificate of Service

I HEREBY CERTIFY that on October 28, 2014 a true and correct copy of the foregoing was served upon Ernest H. Kohlmyer, III, Esq., *counsel for all Defendants herein*, via the Court's CM/ECF system.

/s/ John C. Webb
John C. Webb, Esq.
FBN: 48601
john@JohnWebbLegal.com
*Lead Trial Counsel for Plaintiff*

---

[2] While unnecessary at this stage, to address Defendants' claims that the Complaint is frivolous in its allegations and Defendants' claims that public records search would show licensure; Plaintiff did in fact conduct such a search and said search reveals that Defendant Synergetic's was not approved at the time it sent the September 16, 2013 collection letter. Thus, Defendants assertion that the Complaint is erroneous and frivolous is, in fact, itself erroneous and frivolous.  *See Exhibit A, attached hereto.*



Home   About OFR   Apply for a License   Verify a License   File a Complaint   News   Research Resources

## License Search Results Detail

| | |
|---|---|
| **License Name:** | SYNERGETIC COMMUNICATION INC |
| **DBA Name:** | SYNCOM |
| **License Type:** | Consumer Collection Agency |
| **Status:** | Approved |
| **Status Effective Date:** | 11/25/2013 |
| **Original Date of License:** | 8/17/2005 |
| **License Number:** | CCA0900355 |
| **License Expiration Date:** | 12/31/2014 |

**License Main Address:**

| | |
|---|---|
| **Street:** | 5450 NW CENTRAL STE 1000 |
| **City:** | HOUSTON |
| **State:** | TX |
| **Zip Code:** | 77092 |

**License Mailing Address:**

| | |
|---|---|
| **Street:** | 5450 NW CENTRAL STE 1000 |
| **City:** | HOUSTON |
| **State:** | TX |
| **Zip Code:** | 77092 |

| | |
|---|---|
| **Phone Number:** | 713-460-3114 |

Search for Final Orders

[ New Search ]   [ Return to Search Results ]

Accessibility   Contact Us (850) 487-9687   Site Map

# EXHIBIT A