UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ASHLEY SCHMIDT,

       Plaintiff,

v.                         Case No: 2:14-cv-539-FtM-29CM

SYNERGENTIC  COMMUNICATIONS,
INC., a Texas corporation,
MIKE ORLANDO, TIM CARAVEO,
and KEN WALSH,

       Defendants.

---

### OPINION AND ORDER

This matter comes before the Court on review of Defendants, Mike Orlando and Tim Caraveo's Joint Motion to Dismiss (Doc. #18) filed on October 14, 2014. Plaintiff filed a Response (Doc. #22) on October 28, 2014. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

Plaintiff Ashley Schmidt (Schmidt) has filed a twenty-count Complaint (Doc. #1) against Defendants Synergetic Communications, Inc. (Synergetic), Mike Orlando (Orlando), Tim Caraveo (Caraveo), and Ken Walsh (Walsh) alleging violations of the Florida Consumer Collection Practices Act (FCCPA) and the Fair Debt Collection Practices Act (FDCPA). The underlying facts, as set forth in the Complaint, are as follows:

Synergetic is a Texas debt collection corporation. (Id. at ¶ 5.) Orlando is Synergetic's President and CEO, Caraveo is its Vice President, and Walsh is its Director of Operations. (Id. at ¶¶ 6-8.) At some point prior to September 2013, Schmidt incurred a debt owed to Honda Finance. (Id. at ¶ 9; Docs. ##1-1, 1-2.) Sometime thereafter, the debt was consigned, placed, or otherwise transferred to Synergetic for collection. (Doc. #1, ¶¶ 10-11.) Synergetic never provided Schmidt with a notice of assignment. (Id.) On September 16, 2013, Synergetic sent a letter to Schmidt seeking to collect the debt. (Id. at ¶¶ 12-15.) At that time, Synergetic was not licensed to collect consumer debts in Florida, where Schmidt resides. (Id.) Additionally, Synergetic did not provide Schmidt with a debt validation notice until February 26, 2014. (Id.) According to Schmidt, these actions and inactions violate various provisions of the FDCPA and FCCPA.

Orlando and Caraveo now move to dismiss the counts brought against them individually (Counts XI-XX), arguing (1) that the FDCPA and FDCPA do not permit claims against them in their individual capacities; and (2) that certain counts fail to state a claim upon which relief can be granted. Schmidt responds that each challenged count is adequately pled.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity

and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

III.

**A.  Individual Liability**

Orlando and Caraveo argue that all causes of action against them must be dismissed because the FCCPA and FDCPA do not permit causes of action against individuals collecting debts on behalf of a corporate entity.

The FDCPA "prohibits 'debt collectors' from making false or misleading representations and from engaging in various abusive and unfair practices." Heintz v. Jenkins, 514 U.S. 291, 292 (1995). The FCCPA, the "Florida state analogue to the federal FDCPA," Oppenheim v. I.C. Sys., Inc., 627 F.3d 833, 836 (11th Cir. 2010), was enacted with a similar purpose, LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010) (The FCCPA "was enacted as a means of regulating the activities of consumer collection agencies within the state . . . [in an] attempt to curb what the legislature evidently found to be a series of abuses in the area of debtor-creditor relations.") (quotation omitted). The FCCPA is construed in accordance with the FDCPA. Oppenheim, 627 F.3d at 839.

Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly

4

or indirectly, debts owed or due or asserted to be owed or due another."   15 U.S.C. § 1692a.   The FCCPA's definition is functionally identical.   Fla. Stat. § 559.55(7).

Neither the Supreme Court nor the Eleventh Circuit has addressed whether the definition of "debt collector" encompasses individuals collecting debts on behalf of a corporate entity.   Nor is there agreement among the other Circuit Courts who have addressed the issue.   Compare Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057, 1059 (7th Cir. 2000) ("[T]he Act does not contemplate personal liability for shareholders or employees of debt collection companies who act on behalf of those companies, except perhaps in limited instances where the corporate veil is pierced.") with Kistner v. Law Offices of Michael P. Margelefsky, LLC, 518 F.3d 433, 438 (6th Cir. 2008) ("[I]ndividual liability for violations of the FDCPA will require proof that the individual is a 'debt collector,' but does not require piercing of the corporate veil.").   Courts within this District are similarly divided.   Compare Garcia v. Jefferson Capital Sys., LLC, No. 05-CV-1967, 2007 WL 1364382, at *1 n.2 (M.D. Fla. May 9, 2007) ("To the extent that the plaintiffs sue [defendant] by virtue of his position as sole shareholder of [company], [defendant] avoids personal liability for [company's] alleged FDCPA and FCCPA violations.") with Arlozynski v. Rubin & Debski, P.A., 710 F. Supp. 2d 1308, 1311 (M.D. Fla. 2010) ("Defendants' actions . . . may subject them to personal liability under the [FDCPA], regardless

of the fact that they acted under the auspices of a corporate entity.").

The statutory definition of "debtor collector" refers to "any person" who meets certain qualifications. 15 U.S.C. § 1692a. The phrase "any person" is not further defined in the statute. The Dictionary Act, 1 U.S.C. §1, however, defines "person" to include individuals ("[i]n determining the meaning of any Act of Congress, unless the context indicates otherwise[,] the words 'person' and 'whoever' include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals; . . . ."). Context "means the text of the Act of Congress surrounding the word at issue, or the texts of other related congressional Acts." Rowland v. Cal. Men's Colony, 506 U.S. 194, 199 (1993). The Court finds that the context of the statutes, which broadly refer to "any" person, does not indicate that a debt collector may not include an individual officer or employee of a corporate debt collector.

The Complaint states that Orlando and Caraveo were acting as corporate officers of Synergetic when the allegedly improper collection efforts took place. (Doc. #1, ¶¶ 6-7.) It is further alleged that Orlando and Caraveo, by virtue of their positions within Synergetic, controlled and directed Synergetic's collection practices, including the practices alleged to have violated the FCCPA and FDCPA in this case. (Id. at ¶¶ 17-18.) These allegations are sufficient to allege FCCPA and FDCPA causes of action against

Orlando and Caraveo in their individual capacities.   <u>See</u> <u>Arlozynski</u>, 710 F. Supp. 2d at 1310 (M.D. Fla. 2010) (permitting causes of action against individual defendants alleged to "control and direct the debt collection practices" of the corporate defendant).   Accordingly, Orlando and Caraveo's motion to dismiss on this basis is denied.

**B.   Notice of Assignment Claims**

In Counts XV and XX, Schmidt alleges that Orlando and Caraveo violated the FCCPA because they sought to collect Schmidt's debt before providing her with a notice that the debt had been assigned to Synergetic as required by Fla. Stat. § 559.715.   In Counts XIII and XVIII, Schmidt alleges that the same conduct also violates the FDCPA.

Orlando and Caraveo present two arguments for dismissal. First, they argue that Schmidt's debt was never assigned to Synergetic and, therefore, they were under to no obligation to provide Schmidt with any notice.   However, for the purposes of a motion to dismiss, the Court must take as true Schmidt's allegation that her debt was assigned.   <u>Erickson</u>, 551 U.S. at 94.   Thus, Counts XIII, XV, XVIII and XX are not subject to dismissal on this basis.

Second, Orlando and Caraveo argue that Counts XIII, XV, XVIII and XX must be dismissed because there is no private right of action against a debt collector who fails to provide a notice of assignment.   The FCCPA provides a private right of action only for

7

violations of Fla. Stat. § 559.72.  See Fla Stat. § 559.77 ("A debtor may bring a civil action against a person violating the provisions of s. 559.72 in the county in which the alleged violator resides or has his or her principal place of business or in the county where the alleged violation occurred."); Trent v. Mortgage Elec. Registration Sys., Inc., 618 F. Supp. 2d 1356, 1364 (M.D. Fla. 2007), aff'd, 288 F. App'x 571 (11th Cir. 2008).  A debt collector's obligation to provide a notice of assignment is set forth in a separate section, § 559.715, and no analogous requirement is contained in § 559.72.  Thus, there is no private cause of action under the FCCPA for failure to serve a notice of assignment.  Trent, 618 F. Supp. 2d at 1364.  Accordingly, Counts XV and XX are dismissed.

However, that does not preclude Schmidt from maintaining her FDCPA causes of action, because a "violation of the FCCPA may support a federal cause of action under the FDCPA" even if the underlying FCCPA violation does not provide for a private right of action.  LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010).  The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C.A. § 1692e.  Under the FCCPA, a debt collection must provide a debtor with a notice of assignment "as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt."  Fla. Stat. § 559.715.

Schmidt alleges that Honda Finance assigned her debt to Synergetic and, therefore, Synergetic was prohibited from attempting to collect the debt until 30 days after it provided her with a notice of assignment.  According to Schmidt, she was never provided with such notice and, therefore, Synergetic's letters stating that it was owed in excess of $10,000 were false and misleading because Synergetic was not permitted to collect the debt at all.  If proven, these allegations would permit Schmidt to recover under the FDCPA.  See LeBlanc, 601 F.3d at 1202 (debt collector potentially violated FDCPA by attempting to collect debt without first satisfying the FCCPA's registration requirement even though no private right of action existed for the underlying failure to register).  Accordingly, Orlando and Caraveo's motion to dismiss Counts XIII and XVIII is denied.

## C.  Registration Claims

In Counts XII, XIV, XVII, and XIX[1], Schmidt alleges that Orlando and Caraveo violated the FCCPA and FDCPA because Synergetic was not licensed to collect consumer debts in Florida at the time it attempted to collect her debt.  Orlando and Caraveo argue that those counts must be dismissed because Synergetic was indeed registered as a Florida Consumer Collection Agency at all relevant

---

[1] The Complaint identifies both the FCCPA cause of action against Orlando and the identical cause of action against Caraveo as "Count XIV."  To avoid confusion, the Court will refer to the cause of action against Caraveo as "Count XIX" because it is pled between Count XVIII and Count XX.

times.  As explained above, a challenge to the accuracy of the Complaint's factual allegations cannot serve as grounds for dismissal at this juncture.  <u>Erickson</u>, 551 U.S. at 94.  However, also as explained above, the FCCPA only provides private rights of action for certain violations, and a debt collector's failure to register is not among them.  <u>LeBlanc</u>, 601 F.3d at 1191.  Therefore, for the reasons detailed above, the FCCPA causes of action against Orlando and Caraveo for failure to register as a consumer collection agency (Counts XIV and XIX) are dismissed, but Schmidt may maintain her FDCPA causes of action (Counts XII and XVII) premised upon the same allegations.  <u>LeBlanc</u>, 601 F.3d at 1202.

Accordingly, it is now

**ORDERED:**

Defendants, Mike Orlando and Tim Caraveo's Joint Motion to Dismiss (Doc. #18) is **GRANTED IN PART and DENIED IN PART**.  Counts XIV, XV, XIX, and XX are **dismissed without prejudice**.  The motion is otherwise **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   20th   day of January, 2015.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record