```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ASHLEY SCHMIDT,

    Plaintiff,

v.                              Case No: 2:14-cv-539-FtM-29CM

SYNERGENTIC COMMUNICATIONS,
INC., a Texas corporation,
MIKE ORLANDO, TIM CARAVEO,
and KEN WALSH,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Strike Affirmative Defenses (Doc. #23) filed on October 28, 2014. Defendants filed a Response (Doc. #30) on February 3, 2015. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

Plaintiff Ashley Schmidt (Schmidt) has filed a twenty-count Complaint (Doc. #1) against Defendants Synergetic Communications, Inc. (Synergetic), Mike Orlando (Orlando), Tim Caraveo (Caraveo), and Ken Walsh (Walsh) alleging violations of the Florida Consumer Collection Practices Act (FCCPA) and the Fair Debt Collection Practices Act (FDCPA). The underlying facts, as set forth in the Complaint, are as follows:

Synergetic is a Texas debt collection corporation. (Id. at ¶ 5.) Orlando is Synergetic's President and CEO, Caraveo is its Vice President, and Walsh is its Director of Operations. (Id. at ¶¶ 6-8.) At some point prior to September 2013, Schmidt incurred a debt owed to Honda Finance. (Id. at ¶ 9; Docs. ##1-1, 1-2.) Sometime thereafter, the debt was consigned, placed, or otherwise transferred to Synergetic for collection. (Doc. #1, ¶¶ 10-11.) Synergetic never provided Schmidt with a notice of assignment. (Id.) On September 16, 2013, Synergetic sent a letter to Schmidt seeking to collect the debt. (Id. at ¶¶ 12-15.) At that time, Synergetic was not licensed to collect consumer debts in Florida, where Schmidt resides. (Id.) Additionally, Synergetic did not provide Schmidt with a debt validation notice until February 26, 2014. (Id.) According to Schmidt, these actions and inactions violate various provisions of the FDCPA and FCCPA.

Schmidt now moves to strike Synergetic and Walsh's first through fifth affirmative defenses, arguing that they are scandalous, legally insufficient, and lacking sufficient factual detail. Synergetic and Walsh respond that each challenged affirmative defense is adequately pled.

## II.

Under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or redundant, immaterial, impertinent, or scandalous matter." Courts disfavor

motions to strike and deny them unless the allegations have "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, 881 F. Supp. 574, 576 (M.D. Fla. 1995). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). Affirmative defenses must follow the general pleading requirements contained in Rule 8 of the Federal Rules of Civil Procedure. A party must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A).

As with any pleading, an affirmative defense must provide "fair notice" of the nature of the defense and the grounds upon which it rests, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and state a plausible defense, Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Thus, "[w]hile an answer need not include a detailed statement of the applicable defenses, a defendant must do more than make conclusory allegations. If the affirmative defense comprises no more than bare bones conclusory allegations, it must be stricken." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002) (internal quotations omitted).

**III.**

**A.  First, Second, and Third Affirmative Defenses**

The First Affirmative Defense states that Synergetic and Walsh are protected from liability because any FDCPA or FCCPA violations "resulted from a bona fide error notwithstanding [Synergetic's and Walsh's] maintenance of procedures reasonably adapted to avoid such [] errors."  (Doc. #6, p. 7; Doc. #15, p. 7.)  The FDCPA provides that a debt collector is shielded from liability if it shows that "the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  15 U.S.C. § 1692k(c).[1]  Thus, the First Affirmative Defense simply restates the statutory language without any additional detail.  Such a defense, which does not provide any information connecting it to Schmidt's claims, is precisely the type of bare-bones conclusory allegation that must be stricken.  <u>Microsoft</u>, 211 F.R.D. at 684.

The same is true for the Second and Third Affirmative Defenses.  The Second Affirmative Defense contains no more than the conclusory allegation that some of Schmidt's claims may be barred by the applicable statute of limitations.  (Doc. #6, pp. 7-8; Doc. #15, pp. 7-8.)  Likewise, the Third Affirmative Defense states only that Schmidt "failed to mitigate her damages, if any,

---

[1] The FCCPA contains a functionally identical provision.  Fla. Stat. § 559.77(3).

in this case." (Doc. #6, p. 8; Doc. #15, p. 8.) Neither affirmative defense contains any allegations connecting the defense to Schmidt's claims in this case. Accordingly, Schmidt's motion to strike the First, Second, and Third Affirmative Defenses is granted. Synergetic and Walsh are granted leave to amend.

**B.   Fourth Affirmative Defense**

The Fourth Affirmative Defense states that Schmidt's claims are "filed and maintained in bad faith and for purposes of harassment" and that, as a result, Synergetic and Walsh are entitled to recover their attorney's fees and costs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1927. (Doc. #6, p. 8; Doc. #15, p. 8.) Schmidt argues that this affirmative defense must be stricken as scandalous and legally insufficient.

Rule 8(c) requires a party to "affirmatively state any avoidance or affirmative defense . . . ." Fed. R. Civ. P. 8(c). "The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988). The FDCPA provides that a prevailing defendant may be awarded his reasonable attorney's fees if the court finds that the plaintiff brought the FDCPA action "in bad faith and for the purposes of harassment." 15 U.S.C. § 1692k(a)(3). Similarly, any attorney "who so multiplies the proceedings in any case unreasonably and

vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

A determination that a plaintiff brought a claim in bad faith, or that an attorney unreasonably multiplied the proceedings, is necessarily dependent upon the outcome of the plaintiff's case. Thus, an award pursuant to 15 U.S.C. § 1692k(a)(3) or 28 U.S.C. § 1927, is not an issue to be litigated prior to the resolution of plaintiff's case, nor is it a means for a defendant to avoid liability in the first instance. Accordingly, Synergetic and Walsh's assertion that they are entitled to attorney's fees and costs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1927 is not a proper affirmative defense and will be stricken. See, e.g., Bailey v. Clegg, Brush & Associates, Inc., No. 90-CV-2702, 1991 WL 143461, at *3 (N.D. Ga. June 14, 1991) (15 U.S.C. § 1692k "neither creates a defense to a claim under the FDCPA nor provides a counterclaim."). If Synergetic and Walsh prevail, they may pursue their claims for attorney's fees and costs via an appropriate motion.

**C.  Fifth Affirmative Defense**

The Fifth Affirmative Defense concerns Schmidt's claims that Synergetic attempted to collect her debt without first satisfying the FCCPA's requirement that Synergetic provide her with a notice that her debt had been assigned to Synergetic for collection.

Synergetic and Walsh allege that these claims fail because Schmidt's debt was never assigned (as the term is used in the FCCPA) and, therefore, no notice was required. (Doc. #6, p. 8; Doc. #15, p. 8.)  Schmidt argues that the Fifth Affirmative Defense is legally insufficient because the FCCPA's definition of assignment encompasses the circumstances through which Synergetic was tasked with collecting Schmidt's debt to Honda Finance. However, for the purposes of Schmidt's motion, the Court must accept as true Synergetic and Walsh's allegation that Schmidt's debt was never assigned for the purposes of the FCCPA. Kohen v. H. S. Crocker Co., 260 F.2d 790, 792 (5th Cir. 1958).[2] Accordingly, the Court concludes that the Fifth Affirmative Defense is adequately pled and Schmidt's motion to strike it is denied.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion to Strike Affirmative Defenses (Doc. #23) is **GRANTED in part and DENIED in part.**  The motion is granted as to the first, second, third, and fourth affirmative defenses and is otherwise denied.  Defendants are granted leave to amend their

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

first, second, and third affirmative defenses, and must file such amendment by March 20, 2015.

**DONE and ORDERED** at Fort Myers, Florida, this __5th__ day of March, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record